IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS A. PASSMORE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HSBC BANK NEVADA, N.A., )<br>)<br>Defendant. )<br>_____ ) | Case No. 11-CV-4094-EFM/KGG |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel Disclosure. (Doc. 15.) In its motion, Plaintiff challenges the sufficiency of Defendant's initial disclosures under Fed.R.Civ.P. 26(a)(1). Defendant opposes the motion, arguing that its disclosures, at least as amended, comply with the rule. Defendant also claims that Plaintiff has failed to comply with this Court's Rule 37.2 requiring that the parties confer before a motion to compel is filed.

Plaintiff has, in fact, failed to comply with District of Kansas Rule 37.2. The rule requires that counsel make a "reasonable effort to confer." That requirement is not satisfied by "mailing or faxing a letter to opposing party." D. Kan. Rule 37.2. It is also not satisfied by written electronic communication. The rule expressly requires that the Court deny this motion unless the "parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to

do so." D. Kan. Rule 37.2.

Plaintiff addressed his concerns to the defense through a "golden rule letter," and through follow-up written communications. Notwithstanding an invitation from defense counsel to converse, there is no indication that counsel for the parties ever met face-to-face or otherwise spoke directly.

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

***Stouder v. M & A Technology, Inc.***, No. 09-4113-JAR-KGS, 2011 WL 768738 (D. Kan. Feb. 28, 2011). *See also,* ***Contracom Commodity Trading Co. v. Seaboard Corp.***, 189 F.R.D. 456, 459 (D. Kan. 1999).

Plaintiff's written communication to the defense does not satisfy the requirement of the rule. ***Stephenson v. Young***, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *2 (D. Kan. Nov. 29, 2010). The Court is obliged to deny the motion on that basis.

Although the motion is denied without prejudice to renew the motion after a compliant conference, the Court encourages Plaintiff to consider whether other efforts to achieve his objectives might be more efficient.  Rule 26(a) focuses on the production of information the producing party considers relevant to its claims and defense.  Even if the initial disclosures are less than complete in this instance, and the Court is not yet so finding, Plaintiff may nevertheless be more reliably served by filling in the blanks through discovery than by litigating a motion to compel.

The Plaintiff's Motion to Compel (Doc. 15) is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of January, 2012.

    S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge